## SUPREME COURT.

ANNA KADE agt. MAX LAUBER *et al.* ·

*Dower — divorce.*

A former wife is not entitled to dower in land, the title to which was acquired by the former husband subsequent to a judgment, in favor of the wife, in an action for divorce on the ground of the adultery of the husband.

*Special Term, January,* 1875.

VAN VORST, *J.* — This is an action to recover dower. Plaintiff was married to Charles Kade in the year 1857. The marriage was dissolved by judgment in an action brought by the plaintiff herein against her husband.

The divorce was *a vinculo matrimonii.*

The lands out of which the plaintiff claims to be endowed were acquired by her former husband in 1868, and after the parties had been divorced. In 1869 Kade sold and conveyed the land to the defendant, who is still the owner. Plaintiff did not join in the conveyance. Kade died in 1873.

The Revised Statutes provides that a widow shall be endowed of the third part of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage (1 *R. S.,* 740, *sec.* 1; *Id.* [5th ed.], *vol.* 3, *p.* 31, *sec.* 1).

In order, therefore, to entitle the widow to an estate in dower, there must have been seizen in the husband during the marriage.

*Wait* agt. *Wait* (4 *N. Y.,* 95) was a new case. It was there first decided that a divorce, dissolving the marriage

Kade agt. Lauber.

contract on the ground of the adultery of the husband, does not deprive the wife of her right of dower in his real estate. But in that case the husband had been seized before the divorce of the real estate to which the widow was held to be endowed. In that case the court noticed the distinction between a divorce at common law, which declared the marriage void *ab initio*, and under the statute, which was a dissolution of the marriage relation for causes happening subsequent to the marriage, and which still left to the wife — when the complainant — her rights in her husband's lands secured by the marriage. Such acquired interest and rights were not divested or lost by the dissolution of the marriage contract. But that case decides no more than that the wife is endowed of all the lands of which her husband was seized at any time during coverture.

The decree of divorce under the statute puts an end to the marriage. The marriage contract is dissolved from and after the decree.

In *Cropsy* agt. *Ogden* (11 *N. Y.*, 234) JOHNSON, J., says: " Parties once married, but whose marriage has been dissolved, can in no legal sense be said to be husband and wife." Where the husband is the guilty party the former wife may marry again and acquire rights incident to such new relation. It is true that under such circumstances the former husband cannot marry again until the death of his former wife, but such prohibition is a penalty for his infidelity to his former marital vows and obligations ; and a breach of the prohibition is a misdemeanor, but is not within the penalty of the act against bigamy. " The restraint of the defendant as to a second marriage arises not out of the marriage contract, or from any continuing obligation to his former wife, but exclusively from the positive prohibition of the statute " (*The People* agt. *Hovey*, 4 *Barb.*, 117).

When the case of *Wait* agt. *Wait*, above cited, was in the supreme court, in which a majority of the judges held that a woman who has obtained a decree of divorce, *a vinculo mat-*

Kade agt. Lauber.

*rimonii*, for the adultery of her husband, is not, after his death, entitled to dower in his real estate — Judge WILLARD, who dissented, in the opening of his opinion, says: " The main question raised is whether the complainant is entitled to dower in lands whereof her husband was seized during the coverture, prior to the divorce for adultery committed by him, she being the innocent and he the guilty party" (4 *Barb. Supreme Court R.*, 210; *Willard on Real Estate, p.* 71; *Burr* agt. *Burr*, 10 *Paige*, 25, 26).

The marriage, therefore, between the parties having been dissolved, and the relation of husband and wife having ceased to exist, prior to the seizen in Kade of the land in question, the plaintiff has no estate in dower therein.

And there should be judgment for the defendant, with costs.